Case No. 8:18-cv-01893-JLS-KES                        Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

        Not Present                                      Not Present

**PROCEEDINGS:**      **(IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 10) AND DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 7)**

       Before the Court is a Motion to Remand, filed by Plaintiff Jose Garcia. (MTR, Doc. 10.) Defendant General Motors LLC ("GM") opposed. (Opp. to MTR, Doc. 20.) Plaintiff replied. (Reply to MTR, Doc. 21.) Also before the Court is a Motion to Dismiss filed by Defendant. (MTD, Doc. 7.) Plaintiff opposed. (Opp. to MTD, Doc. 11.) Defendant replied. (Reply to MTD, Doc. 13.) The Court finds both matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearings set for January 18, 2019, at 10:30 a.m., are removed from the calendar. For the reasons given below, the Court DENIES Plaintiff's Motion to Remand and DENIES Defendant's Motion to Dismiss.

## I.     Background

       On April 12, 2015, Plaintiff, a California resident, purchased a new 2015 Chevrolet Silverado 2500, VIN: 1GC2KVE8XFZ124778, from a third-party dealership.[1]

---

[1] Defendant argues that many of Plaintiff's allegations may regard a different vehicle model, namely the 2015 Chevrolet Silverado 2500HD. (Reply to MTD at 5.) The Court, however, does not consider this argument because it was raised for the first time on reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Moreover, nothing in the Complaint indicates that

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. 8:18-cv-01893-JLS-KES | Date: January 17, 2019 |
|---|---|
| Title: Jose Garcia v. General Motors LLC et al. | |
_____

(Compl., Doc. 1-2 ¶¶ 2, 8.)  Plaintiff elected to purchase an optional Duramax diesel engine, as opposed to a traditional gasoline-fueled engine.  (*Id*. ¶ 35.)  Defendant, a Delaware corporation and the vehicle's manufacturer, provided express warranties at the time of sale to maintain the utility and performance of the vehicle.  (*Id*. ¶¶ 8, 169.)  Plaintiff alleges the vehicle was delivered to him with serious defects and nonconformity to Defendant's warranties.  (*Id.* ¶ 9.)

Specifically, Plaintiff alleges that his vehicle was equipped with "defeat devices" that kick in when the vehicle senses conditions congruent with emissions testing.  (*Id.* ¶¶ 18-19, 29-31, 55-62, 86, 165.)  The defeat devices cause the engine to burn fuel differently than during normal operation, sacrificing power for reduced emissions.  (*Id.*)  Plaintiff alleges these devices conceal from consumers and regulators the high level of emissions produced by Plaintiff's vehicle and other Silverado 2500s during standard use, where such vehicles run more powerfully but also produce much more emissions.  (*Id.* ¶¶ 15-62, 74-81, 166, 174-175, 178.)

Plaintiff further alleges that Defendant markets the Silverado 2500 as a "low emissions" vehicle and makes numerous representations about that model and the Duramax engine's power, fuel efficiency and emissions.  (*Id.* ¶¶ 20, 31, 62-73,163-164, 167-169.)  Plaintiff's claims at issue center on the alleged falsity of these marketing efforts and Defendant's failure to disclose the presence of the defeat devices.  Plaintiff claims he would have paid substantially less or not purchased the vehicle if had he known its actual condition and performance specifications, including those regarding emissions.  (*Id.* ¶¶ 85-86, 170, 181-183.)

Plaintiff claims to have taken his vehicle in for repairs by Defendant's authorized servicers on multiple occasions to address, among other issues, the nonconformities to warranty described in the Complaint.  (*Id.* ¶¶ 128-129, 153.)  Allegedly, such efforts did not reveal the presence of the defeat devices to Plaintiff, much less conform the vehicle to Defendant's warranties and representations.  (*Id.* ¶¶ 90, 95, 129, 154, 176.)  Plaintiff claims to have ultimately learned of the defeat devices on or about May 25, 2017 through the filing of a complaint in *Fenner et al. v. General Motors LLC*, Case No. 2:17-cv-

___

there is a substantive difference between the 2500 and 2500HD models, or that the ambiguity is anything more than typographical inconsistency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES　　　　　　　　　　　　　　　Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

11661-GCS-APP (E.D. Mich.), which alleges facts similar to those in the Complaint here. (*Id.* ¶¶ 102.) Plaintiff filed his Complaint in Orange County Superior Court on August 20, 2018, bringing five causes of action: three discrete violations of the California Song-Beverly Act, as codified at Cal. Civ. Code § 1790 *et seq*, one claim of fraudulent inducement by affirmative misrepresentation, and one claim of fraudulent inducement by concealment. (*Id.* ¶¶ 121-184.) Plaintiff represents that he served the Complaint on Defendant on August 21, 2018. (MTR. at 5.)

Plaintiff attached to his Complaint a copy of the purchase contract regarding the vehicle at issue. (Ex. 1 to Compl.) That copy, however, is of poor quality and many of its terms are illegible, including the purchase price. (*Id.*) The Complaint does not otherwise allege the price Plaintiff paid for the vehicle. Defendant represents that it first received a legible copy of the contract on September 27, 2018. (Opp. to MTR at 1.) A legible copy of the contract was filed by Plaintiff and indicates a purchase price of $64,770.00. (Doc. 10-2.) Defendant removed the case to this Court on October 22, 2018. (Notice of Removal, Doc. 1.) Shortly thereafter, Defendant filed the instant Motion to Dismiss, seeking to foreclose Plaintiff's two common law fraud causes of action.[2] (MTD at 1.) In his Motion, Plaintiff seeks remand back to state court. (MTR at 1.)

## II.　　Motion to Remand

### A.　　Legal Standard

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)). Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of

---

[2] Defendant does not seek dismissal of Plaintiff's statutory claims under the Song-Beverly Act.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES                                      Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.
_____

establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Where removal is on the basis of diversity jurisdiction and "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mutual Automobile Insurance Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (internal quotation marks omitted)); *see also* 28 U.S.C. § 1446(c)(2)(B). Conclusory allegations as to the amount in controversy are insufficient. *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1091 (9th Cir. 2003). Nor can a defendant establish the amount in controversy by "mere speculation and conjecture." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). Rather, the defendant should "submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *See id.* (quoting *Singer*, 116 F.3d at 377) (internal quotation marks omitted).

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted).

"If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES   Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

### B. Discussion

#### 1. Amount in Controversy

The Notice of Removal asserts federal diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (NOR at 1-2.) There is no dispute as to the diverse citizenship of the parties. Defendant calculates the minimum amount in controversy as $194,310.00, citing the Song-Beverly Act's award of treble damages for certain violations (*i.e.*, direct damages and "a civil penalty of up to two times the amount of damages"). (NOR at 4-5 (citing Cal. Civ. Code § 1794).) Plaintiff argues that the jurisdictional threshold is not met, however, because Defendant's calculations do not include certain statutory offsets for mileage and depreciation that would reduce Plaintiff's recovery. (MTR at 7-8.) Plaintiff does not, however, submit any evidence supporting applicability or calculation of such offsets, nor are supporting facts alleged in the Complaint. Plaintiff further argues that Defendant has not met its burden to demonstrate that Plaintiff would be entitled to the full civil penalty. (MTR at 8-9.) But the Court disagrees. Considering the submitted evidence of the sale price and the nature of allegations in the Complaint, the Court finds that—if he prevails—Plaintiff would more likely than not be entitled to a penalty of at least the $10,230.01 required to meet the jurisdictional minimum.

#### 2. Timeliness of Removal

Plaintiff contends that removal is untimely because the Notice of Removal was filed more than thirty days from the date Defendant was served with the Complaint. (MTR at 5.) Defendant responds that removal is timely under 28 U.S.C. § 1446(b)(3) because Defendant was first able to ascertain the amount in controversy upon receipt of a legible copy of the contract on September 27, 2018. (Opp. to MTR at 2-3.) Plaintiff does not contest that Defendant did not *receive* a legible copy until that date, but rather insists that the Complaint included sufficient information to allow Defendant to ascertain the sale price and resulting damages from its own records. (Reply to MTR at 3-4.)

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01893-JLS-KES | Date: January 17, 2019 |
| Title: Jose Garcia v. General Motors LLC et al. | |
_____

Plaintiff's argument is foreclosed by Ninth Circuit precedent. Assuming that Defendant did possess records reflecting the sale price of the vehicle—a fact Defendant contests (Opp. to MTR at 2)—it was under no obligation to review such records to ascertain jurisdictional evidence. *Harris*, 425 F.3d at 695 ("[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin."); *and see Sweet v. United Parcel Service, Inc.*, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) ("[*Harris*] rejected the proposition that a defendant has a duty to investigate—in its own records or otherwise—a basis for removal when the pleading does not disclose one on its face."); *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (noting in a case where "the average contract price per vehicle needed only to exceed $25,000 in order to put greater than [the required amount] in controversy . . . [and] that sum was a plausible-enough guess for a case involving German luxury automobiles" that "[t]he fact remains, however, that we 'don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove'") (quoting *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1251 (9th Cir. 2006)).

Some district courts have expressed concern that this rule opens a door for gamesmanship by defendants—especially those at an informational advantage—who could effectively choose when to "ascertain" removability. *See Banta v. American Medical Response Inc.*, 2011 WL 2837642, at *8 (C.D. Cal. July 15, 2011). Here, however, Plaintiff had equal (if not better) access to information regarding damages, and the Ninth Circuit requires him to protect himself. *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) ("If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained. Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.") (internal citation omitted). Hence, Defendant's removal was timely.

Accordingly, Plaintiff's Motion to Remand is denied.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES                                    Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.
_____

### III.   Motion to Dismiss

#### A.   Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A court must draw all reasonable inferences in the light most favorable to the non-moving party. See *Daniels-Hall v. National Education Association*, 629 F.3d 992, 998 (9th Cir. 2010). Yet, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556). A plaintiff must not merely allege conduct that is conceivable; "[w]hen a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted).

This "plausibility" standard, however is replaced by Rule 9(b)'s heightened pleading standard where the claims sound in fraud. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Under Rule 9(b), a plaintiff must allege "'the who, what, when, where, and how' of the misconduct charged." *Hunt v. Sunny Delight Beverages Co.*, Case No. 8:18-cv-00557-JLS-DFM, 2018 WL 4057812, at *5 (C.D. Cal. Aug. 23, 2018). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); see also *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1001 (N.D. Cal. 2009) ("The falsity of the representation must [] be alleged with particularity.").

___
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES           Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

### B.     Discussion

#### 1.     The Discovery Rule

Noting California's three-year statute of limitations on fraud, Defendant first argues that Plaintiff's fraud claims are time-barred. (MTD at 3 (citing Cal. Civ. Proc. Code § 338(d)).) Plaintiff rebuts that accrual of his fraud-based causes of action are tolled by the discovery rule. (Opp. to MTD at 3-5.) "Generally speaking, a cause of action accrues at the time when the cause of action is complete with all of its elements. An important exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806-07 (2005) (internal citations and quotation marks omitted).

"In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 808 (internal citations and quotation marks omitted). To fulfill the second prong, "[a] plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period."[3] *Id.* at 809.

Plaintiffs are charged with inquiry notice of a cause of action when they have reason to suspect that they have been injured. Such reasonable suspicion refers to a general awareness that some form of wrongdoing has befallen them, not a "hypertechnical" accounting of facts "supporting each specific legal element of a particular cause of action." *Id.* at 807. "In other words, plaintiffs are required to conduct

---

[3] Defendant insists that Plaintiff should not be able to avail himself of the discovery rule because he ultimately was able to discern the basis for his alleged injury within three years of purchasing the vehicle at issue, and thus could have filed his claims within the original, un-tolled statute of limitations period. (MTD at 4.) This is not how tolling works. "[S]tatutes of limitation do not begin to *run* until a cause of action accrues." *Fox*, 35 Cal. 4th 797 at 806 (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES                                               Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Nguyen v. Western Digital Corp.*, 229 Cal. App. 4th 1522, 1552-53 (2014).

Plaintiff sufficiently alleges the time and manner of discovery, *to wit,* that he learned of Defendant's allegedly fraudulent practices through court filings in a separate case on May 25, 2017. Plaintiff also sufficiently alleges an inability to have made such discovery by reasonable investigation. After experiencing problems with his vehicle, Plaintiff investigated as any reasonable consumer would: by taking the vehicle to a manufacturer-authorized repair shop to enlist professional assistance in discerning the source of the problem. That an actual diligent inquiry did not reveal the nature of Plaintiff's injuries is strong proof that he was otherwise unable to reasonably discover them. Accordingly, accrual of Plaintiff's fraud claims is tolled by the discovery rule and such claims are deemed timely filed.[4]

### 2.      The Economic Loss Rule

Defendant next argues that the "economic loss rule" prohibits Plaintiff from suing in tort for damages that lie only in contract. (MTD at 7-9.) Specifically, Defendant cites *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) and contends that tort recovery for defective products is limited to situations in which the plaintiff alleges personal injury or at least some damages independent of the product's own failure to properly function. (MTD at 8-9.) Defendant's construction of the economic loss rule and citation to *Robinson*, however, are wildly misplaced. The economic loss rule concerns situations in which the alleged wrongful conduct and associated damages are demarcated by the contract itself, and so assessing the misconduct and injury under a tort framework would frustrate the very notion of a contract at all. *See Robinson*, 34 Cal. 4th at 988. *Robinson* examined circumstances where a defendant *breached* a contract by making misrepresentations in disclosures *required by the contract* and reliance on those misrepresentations exposed the plaintiff to personal injury liability. *Id.* at 993.

---

[4] The Court need not address Plaintiff's alternative arguments for tolling.

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:18-cv-01893-JLS-KES | Date: January 17, 2019 |
| Title: Jose Garcia v. General Motors LLC et al. | |

*Robinson*, however, also acknowledged the long-held principle that fraudulently *inducing* someone to enter into a contract is a *tortious* injury apart from any injury that may later arise under the contract itself. *Id.* at 989-90. In cases of fraudulent inducement "the duty that gives rise to tort liability is [] completely independent of the contract." *Erlich v. Menezes*, 21 Cal. 4th 543, 552 (1999) (citing *Las Palmas Associates v. Las Palmas Center Associates*, 235 Cal. App. 3d 1220, 1238-1239 (1991)); *and see Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) ("'Promissory fraud' is a subspecies of the action for fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud.").

Here, Plaintiff plainly pleads fraudulent inducement, not breach of contract. *Robinson* and the economic loss rule are inapplicable.

### 3. Plaintiff's Fraud Claims

Per the California Supreme Court, the elements of fraud are: (1) misrepresentation (which may be affirmative or by concealment or nondisclosure); (2) knowledge of falsity; (3) intent to defraud, *i.e.*, intent to induce reliance; (4) justifiable reliance; and (5) injury. *Lazar*, 12 Cal. 4th at 638. Plaintiff's allegations as to the third, fourth and fifth elements are not really in dispute. The third element, intent, is inferable from allegations of a contractual agreement. *Id.* ("A promise to do something necessarily implies the intention to perform.") And Plaintiff adequately pleaded the fourth and fifth elements by alleging justifiable reliance on Defendant's misrepresentations and resulting injury by purchasing the vehicle at a higher price than he would have had he known the vehicle's actual condition.

The first and second elements (misrepresentation and knowledge thereof) are the primary points of contention and require separate analyses as to Plaintiff's distinct claims for fraudulent inducement by affirmative misrepresentation and fraudulent inducement by concealment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES                               Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

### i.      Affirmative Misrepresentation

As to the first element, misrepresentation, the Complaint lists particular advertisements making affirmative representations about the emissions of several GM models and the Duramax engine. (Compl. ¶¶ 64-73.) Most of these advertisements, however, concern other models or model years than the 2015 Chevrolet Silverado 2500 and Duramax engine in question. One alleged representation, however, does concern the 2015 Duramax engine, which Plaintiff alleges to have purchased with the vehicle.[5] (*Id.* ¶ 68.) Specifically, Plaintiff alleges that Defendant represented that the 2015 Duramax burns fuel "cleaner and faster with lower emissions and greater power than the previous model." (*Id.* ¶ 68.) Defendant argues that such representations are nonactionable puffery.[6]

"To be actionable as an affirmative misrepresentation, a statement must make a 'specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact.'" *Vitt v. Apple Computer, Inc.*, 469 F. App'x 605, 607 (9th Cir. 2012) (quoting *Coastal Abstract Services v. First American Title Insurance Co.*, 173 F.3d 725, 731 (9th Cir.1999)). "[P]roduct superiority claims that are vague or highly subjective often amount to nonactionable puffery, [whereas] misdescriptions of specific or absolute characteristics of a product are actionable."

---

[5] Although this representation was made in materials regarding the 2015 GMC Sierra, and not specifically the 2015 Chevrolet Silverado, the Complaint adequately alleges that the Duramax engine system is a distinct product from vehicle model, even if the engine is purchased pre-installed and in the same transaction as the vehicle purchase. (*Id.* ¶¶ 16, 35, 44, 68, 86, 163, 164, 166, 173-179, 181-183.) Hence, representations made about a 2015 Duramax as installed in one vehicle can be said to apply to a 2015 Duramax as installed in a different vehicle.

[6] Plaintiff makes one other allegation regarding advertising pertaining to his specific vehicle model, namely that Defendant , "[i]n advertising its 2011-2016 Chevrolet Silverado HD and 2011-2016 GMC Sierra HD," represented that those vehicles "deliver[] 'low emissions' that were a 'whopping reduction' compared to the prior model" and "great power" with a 'remarkable reduction of diesel emissions.'" (*Id.* ¶ 15.) Plaintiff does not, however, identify any particulars of such alleged advertising, such as the time or manner in which he encountered it. The Court finds such allegations are too general to meet Rule 9(b)'s heightened pleading requirement from the outset. Therefore, the Court does not address whether those alleged representations amount to more than mere puffery.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES                                    Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

*Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997) (internal citations and quotation marks omitted). Whether an alleged misrepresentation is an absolute statement of fact or mere puffery is a question of law appropriate for decision on a motion to dismiss. *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Services Inc.*, 911 F.2d 242, 245 (9th Cir. 1990).

  That an engine burns fuel "cleaner and faster" may be too vague and subjective to reasonably be interpreted as describing actual measurable attributes of fuel combustion. That an engine produces "lower emissions and greater power *than the previous model*," however, are objective statements clearly capable of being proved false by scientific inquiry. The power and emissions of an engine are measurable outputs. Whether one engine produces more or less of those outputs than another engine is a question ripe for scientific resolution. Moreover, that cars and engines are often marketed via claims of specific horsepower or other units of power suggests that claims of measurable power are reasonably construed by prospective purchasers as statements of objective fact. Similarly, that a massive regulatory framework exists governing specific standards and measurement of vehicle emissions suggests that reasonable consumers would interpret quantitative claims regarding emissions as objective. Thus, Plaintiff satisfies the first element of a fraud by affirmative misrepresentation because he has alleged particular statements to be misrepresentations.

  As to the second element, Defendant's knowledge, Plaintiff adequately pleads that Defendant had knowledge that its representations regarding engine performance were false. Despite Defendant's insistence that Plaintiff does not "specifically" allege Defendant's knowledge of falsity (MTD at 16.), no "magic words" are necessary. The Complaint is replete with allegations that Defendant "programmed" or "manipulated" software to cause the vehicle at issue to perform not-as-advertised. (Compl. ¶¶ 28-29, 31, 78, 81.) Fairly read, these are allegations of Defendant's knowledge that the vehicle would not perform as advertised.

  Therefore, having alleged with sufficient particularity (1) Defendant made affirmative misrepresentations and (2) had knowledge thereof, combined with sufficient allegations of (3) intent, (4) reliance, and (5) injury, as discussed above, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES							Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

sufficiently states a claim for fraudulent inducement by affirmative misrepresentation. Accordingly, Defendant's Motion is denied as to that cause of action.

### ii. Omission

Where fraud is by omission, the misrepresentation and knowledge elements are more specifically described as (1) concealment of a material fact where (2) the defendant is under a duty to disclose that fact to the plaintiff. *Kaldenbach v. Mutual of Omaha Life Insurance Co.*, 178 Cal. App. 4th 830, 850 (2009). Regarding materiality, "[a] misrepresentation is judged to be 'material' if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 977 (1997) (internal quotation marks omitted); *and see Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007). Here, there is little dispute that Plaintiff adequately alleges that he reasonably would not have entered the contract had he known about the defeat devices. Instead, Defendant argues primarily that it had no duty to disclose the alleged devices to Plaintiff. (MTD at 13-15.)

A duty to disclose exists when (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals material facts from the plaintiff; or (4) the defendant makes partial representations but also omits some material facts. *Heliotis v. Schuman,* 181 Cal. App. 3d 646, 651 (1986); *Falk,* 496 F. Supp. 2d at 1094-95. Plaintiff argues that the second circumstance applies in this case. (Opp. at 14-16.) The Court agrees. As described above, Defendant's alleged programming of the vehicle's engine gave Defendant exclusive knowledge regarding the engine's performance that was undetectable by other users, including Plaintiff. Moreover, Plaintiff alleges facts to show that the very point of Defendant's conduct was to hide the engine's performance capabilities from the purchaser. Indeed, Plaintiff's diligent inquiry into possible sources of suspected vehicle malfunction did not reveal the alleged defeat devices; Defendant retained exclusive knowledge of their existence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01893-JLS-KES                              Date: January 17, 2019
Title: Jose Garcia v. General Motors LLC et al.

Therefore, having alleged with sufficient particularity (1) omitted material facts (2) that it had a duty to disclose, combined with sufficient allegations of (3) intent, (4) reliance, and (5) injury, as discussed above, Plaintiff sufficiently states a claim for fraudulent inducement by concealment. Accordingly, Defendant's Motion is denied as to that cause of action.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED and Defendant's Motion to Dismiss is DENIED.

Initials of Preparer: tg